William H. Trousdale (WT 2715)
Brian M. English (BE 5308)
Tompkins, McGuire, Wachenfeld & Barry, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4070
Tel:   (973) 622-3000
Fax:   (973) 623-7780

John M. Desmaris
David K. Callahan
Bryan S. Hales
Imron T. Aly
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Tel:   (312) 861-2000
Fax:   (312) 861-2200

*Attorneys for Defendants Zimmer, Inc. and Zimmer Austin, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP. | ) |
| | ) |
| Plaintiff, | ) Case No.: 05-897 (WHW) |
| | ) |
| v. | ) |
| | ) |
| ZIMMER, INC., | ) ANSWER TO COMPLAINT AND |
| CENTERPULSE ORTHOPEDICS, INC. | ) AFFIRMATIVE DEFENSES FOR |
| (formerly known as SULZER | ) ZIMMER, INC. AND ZIMMER AUSTIN, |
| ORTHOPEDICS, INC.) | ) INC. (formerly known as CENTERPULSE |
| and | ) ORTHOPEDICS, INC.) |
| SMITH & NEPHEW, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ZIMMER, INC. AND ZIMMER AUSTIN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants Zimmer, Inc. ("Zimmer") and Zimmer Austin, Inc. ("Zimmer Austin," formerly known as Centerpulse Orthopedics, Inc.), for their Answer to Plaintiff Howmedica Osteonics Corp.'s ("Howmedica's") Complaint and Demand for Jury Trial, state as follows:

### THE PARTIES

1. Plaintiff Howmedica Osteonics Corp. is a corporation organized and existing under the laws of the State of New Jersey and has its principal office in Mahwah, New Jersey.

**ANSWER:** Zimmer and Zimmer Austin lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny these allegations.

2. On information and belief, Defendant Zimmer, Inc. is a corporation organized and existing under the laws of the State of Delaware having its principal offices in Warsaw, Indiana.

**ANSWER:** Zimmer admits that it is a Delaware corporation with its headquarters in Warsaw, Indiana.

3. On information and belief, Defendant Centerpulse Orthopedics, Inc. is a corporation organized and existing under the laws of the State of Delaware having its principal offices in Austin, Texas.

**ANSWER:** Denied. Zimmer Austin, Inc., formerly known as Centerpulse Orthopedics Inc., states that it is a Delaware corporation with its headquarters in Austin, Texas.

4. On information and belief, Defendant Smith & Nephew, Inc. is a corporation organized and existing under the laws of the State of Delaware having its principal offices in Memphis, Tennessee.

**ANSWER:** Zimmer and Zimmer Austin lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore deny these allegations.

## JURISDICTION AND VENUE

5. This is an action for patent infringement that arises under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq.* and seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281 and 283-285. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Zimmer and Zimmer Austin admit that the only cause of action alleged in Plaintiff's complaint is patent infringement. Zimmer and Zimmer Austin further admit that this Court has subject matter jurisdiction over patent infringement causes of action.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

**ANSWER:** Zimmer and Zimmer Austin deny the allegations contained in paragraph 6, but do not for purposes of this action contest that venue is appropriate in this Court.

7. This Court has personal jurisdiction over Defendants because Defendants have done and are doing substantial business in this judicial District, both generally and with respect to the allegations in this Complaint, and Defendants have committed one or more acts of infringement in this District.

**ANSWER:** Zimmer and Zimmer Austin deny the allegations contained in paragraph 7, but do not for purposes of this action contest that this Court has personal jurisdiction over Zimmer and Zimmer Austin.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 6,174,934

8. Plaintiff incorporates paragraph 1 through 7 as if fully set forth herein.

**ANSWER:** Zimmer and Zimmer Austin incorporate their answers to paragraphs 1 through 7 as if fully set forth herein.

9. On January 16, 2001, United States Patent No. 6,174,934 (the "'934 patent"), entitled "NON-OXIDIZING POLYMERIC MEDICAL IMPLANT" (Exhibit A), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '934 patent and the right to sue for past infringement.

**ANSWER:** Zimmer and Zimmer Austin admit that the '934 patent attached as Exhibit A has, on its face, the title "NON-OXIDIZING POLYMERIC MEDICAL IMPLANT" and issue date of January 16, 2001, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the remainder of paragraph 9.

10. Defendants have manufactured, used, imported, offered for sale, or sold medical implants and employed methods of making them that infringe, either literally or under the doctrine of equivalents, at least one claim of the '934 patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271. Plaintiff has complied with the requirements of 35 U.S.C. § 287. Defendants' infringement will continue unless enjoined by this Court.

**ANSWER:** Denied as to Zimmer and Zimmer Austin. Zimmer and Zimmer Austin lack knowledge or information sufficient to form a belief as to the allegations as applied to defendant Smith & Nephew, Inc.

11. Defendants' infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendants are enjoined from further infringement.

**ANSWER:** Denied as to Zimmer and Zimmer Austin. Zimmer and Zimmer Austin lack knowledge or information sufficient to form a belief as to the allegations as applied to defendant Smith & Nephew, Inc.

12. Defendants are engaging in willful and deliberate infringement of the '934 patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER:** Denied as to Zimmer and Zimmer Austin. Zimmer and Zimmer Austin lack knowledge or information sufficient to form a belief as to the allegations as applied to defendant Smith & Nephew, Inc.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 6,372,814

13. Plaintiff incorporates paragraphs 1 through 12 as if fully set forth herein.

4

**ANSWER:** Zimmer and Zimmer Austin incorporate their answers to paragraphs 1 through 12 as if fully set forth herein.

14. On April 16, 2002, United States Patent No. 6,372,814 (the "'814 patent"), entitled "NON-OXIDIZING POLYMERIC MEDICAL IMPLANT" (Exhibit B), duly and legally issued. Plaintiff owns all rights, title, and interest in and to the '814 patent and the right to sue for past infringement.

**ANSWER:** Zimmer and Zimmer Austin admit that the '814 patent attached as Exhibit B has, on its face, the title "NON-OXIDIZING POLYMERIC MEDICAL IMPLANT" and issue date of April 16, 2002, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the remainder of paragraph 14.

15. Defendants have manufactured, used, imported, offered for sale, or sold medical implants and employed methods of making them that infringe, either literally or under the doctrine of equivalents, at least one claim of the '814 patent, either directly, contributorily, by inducement or otherwise, in violation of 35 U.S.C. § 271. Plaintiff has complied with the requirements of 35 U.S.C. § 287. Defendants' infringement will continue unless enjoined by this Court.

**ANSWER:** Denied as to Zimmer and Zimmer Austin. Zimmer and Zimmer Austin lack knowledge or information sufficient to form a belief as to the allegations as applied to defendant Smith & Nephew, Inc.

16. Defendants' infringement has damaged and continues to damage and injure Plaintiff. The injury to Plaintiff is irreparable and will continue unless and until Defendants are enjoined from further infringement.

**ANSWER:** Denied as to Zimmer and Zimmer Austin. Zimmer and Zimmer Austin lack knowledge or information sufficient to form a belief as to the allegations as applied to defendant Smith & Nephew, Inc.

17. Defendants are engaging in willful and deliberate infringement of the '814 patent which justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.