NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP., | : |
| Plaintiff, | : **OPINION** |
| v. | : Civ. No. 05-897 (WHW) |
| ZIMMER, INC., CENTERPULSE ORTHOPEDICS, INC., (formerly known as SULZER ORTHOPEDICS, INC.) and SMITH & NEPHEW, INC., | : |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiff Howmedica Osteonics Corp. ("Howmedica") moves to strike certain of defendant Zimmer, Inc.'s and defendant Zimmer Austin, Inc's (collectively "Zimmer") counterclaims, numbered Counts V through VIII of Zimmer's Amended Answer. Pursuant to Fed. R. Civ. P. 78, Howmedica's motion is decided without oral arguments. Howmedica's motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

In February 2005, Howmedica filed suit against Zimmer and Smith and Nephew, Inc., alleging in its Complaint that the defendants had infringed four of Howmedica's patents relating to polymeric materials used in medical implants, in violation of 35 U.S.C. § 271. Smith and Nephew, Inc. is not involved in the motion at issue here.

**NOT FOR PUBLICATION**

In April 2005, Zimmer filed its Answer to Howmedica's Complaint. In September of 2005, Zimmer filed an Amended Answer, which asserted counterclaims seeking declaratory judgment. Four of Zimmer's counterclaims, titled Counts V through VIII of the its Amended Answer, allege that the four Howmedica patents at issue are invalid and/or unenforceable for failure to comply with one or more provisions of sections 35 U.S.C. §§ 101, *et seq.*.

In October 2005, Howmedica filed a motion to strike Counts V through VIII of Zimmer's counterclaims. Howmedica's motion avers that these counterclaims allege inequitable conduct, because any claim of unenforceability "is considered a shorthand result of inequitable conduct." (Howmedica Motion to Strike, at 1)  Asserting that claims of inequitable conduct in patent litigation are generally subject to the heightened pleading requirement for allegations of fraud under Fed. R. Civ. P. 9(b), Howmedica argues that these counterclaims must be stricken because Zimmer did not plead the circumstances constituting inequitable conduct with particularity.

In its opposition to Howmedica's motion to strike, Zimmer pointed out that it had never made any specific allegation of inequitable conduct on Howmedica's part in its original Answer or Amended Answer, and no heightened pleading requirement should apply. In its reply, Howmedica asserted that, even if Fed. R. Civ. P. 9(b)'s heightened pleading requirement is inapplicable, the Court should strike Zimmer's counterclaims on the basis of Fed. R. Civ. P. 8's basic pleading requirement--an argument it had not made in its original memorandum. It is unclear whether, in exclusively arguing an alternative basis for its motion to strike in its reply

**NOT FOR PUBLICATION**

brief, Howmedica intended to abandon its original claim based on Fed. R. Civ. P. 9(b), or merely intended to supplement it.

**MOTION TO STRIKE**

Though Howmedica only refers to Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 8 in its filings, it expressly styles its motion as a motion to strike. Howmedica's motion to strike Zimmer's counterclaims must be pursuant to Fed. R. Civ. P. 12(f), because Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 8 contain no provisions relating to striking or modifying pleadings. Accordingly the standards for Fed. R. Civ. P. 12(f) motions to strike will guide the Court.

Fed. R. Civ. P. 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have stricken sections of pleadings when a party has not satisfied the requirements of Fed. R. Civ. P. 9(b), though as a rule they give leave to the party to amend its pleadings under Fed. R. Civ. P. 15. See 5A Wright & Miller, Federal Practice and Procedure § 1300 (3d ed. 2004).

The court has found few instances where a court has stricken insufficient *counterclaims* on the basis of Fed. R. Civ. P. 12(f). Other courts in this district have observed that Fed. R. Civ. P. 12(f) applies to affirmative defenses, while other provisions of Fed. R. Civ. P. 12 apply to counterclaims. See Mars Inc. v. JCM American Corp., No. 05-3165, 2006 WL 1704469, at *3 (D.N.J. June 14, 2006). Under Fed. R. Civ. P. 12(f) courts may strike portions of pleadings because they are "insufficient defenses" or because they are "redundant, immaterial, impertinent,

**NOT FOR PUBLICATION**

or scandalous"--the only possibilities under the rule. Zimmer's counterclaims V through VIII seeking declaratory judgment of the patents' unenforceability are properly designated as counterclaims, not defenses, see Competitive Techs., Inc. v. Fujitsu Ltd., 374 F.3d 1098, 1098-1101 (Fed. Cir. 2004); it follows that these counterclaims should not be stricken as insufficient defenses. Nor does Howmedica explain how the counterclaims are "redundant, immaterial, impertinent, or scandalous" matters a court may elect to strike from a complaint. Especially given that courts are generally reluctant to strike portions of the pleadings, see, e.g., Bristol-Myers Squibb Co. v. IVAX Corp., 77 F. Supp. 2d 606, 619 (D.N.J. 2000), Howmedica has given no viable basis for *striking* Zimmer's counterclaims merely by its asserting the claims are insufficiently pled under Fed. R. Civ. P. 9(b).

However, the Court should not deny an otherwise proper motion merely because a party has mis-characterized it as a motion to strike. When a party files a motion to strike in place of a motion for a more definite pleading is proper, as when a counterclaim does not allege the elements of fraud with the necessary specificity, the court will treat that motion as a Fed. R. Civ. P. 12(e) motion for more definite pleading, see Strick Corp. v. Penn Yan Express, Inc., 62 F.R.D. 4 (E.D.Pa. 1974); 5C Wright & Miller, Federal Practice and Procedure § 1380 n.5 (3d ed. 2004), or as a Fed. R. Civ. P. 12(b)(6) motion to dismiss, see Mars, 2006 WL 1704469, at *4. Ultimately, the Court will not have to determine whether to characterize the motion as a motion for more definite pleading or as a motion to dismiss, since it first must decide whether the Fed. R. Civ. P. 9(b) pleading standards should guide the Court in this instance. As it will explain, the Court finds that this standard is not applicable here.

NOT FOR PUBLICATION

**APPLICABILITY OF THE FED. R. CIV. P. 9(b) PLEADING STANDARD**

Howmedica claims that Zimmer's counterclaims must be pled with specificity under Fed. R. Civ. P. 9(b) to the extent that these counterclaims are based on inequitable conduct. Howmedica's assertion that courts generally apply Fed. R. Civ. P. 9(b)'s pleading requirement to claims of inequitable conduct is correct. See Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1342-44 (Fed. Cir. 2003); EMC Corp. v. Storage Tech. Corp., 921 F. Supp. 1261, 1263 (D.Del.1996). According to Howmedica's reasoning, Zimmer's allegations of unenforceability of the patents under 35 U.S.C. § 101, *et seq.* likely is based at least in part on a claim of inequitable conduct.

Zimmer denies outright in its opposition memorandum that it claims inequitable conduct, and the relevant statutes and case law do not support Howmedica's contention that Zimmer's counterclaims imply a claim for inequitable conduct. On their face, the provisions of 35 U.S.C. §§ 101, 102, 103, and 112 cited by the Zimmer in its unenforceability counterclaims allow for unenforceability on numerous express statutory grounds, such as utility, derivation, obviousness, etc., while inequitable conduct is a non-statutory, equitable (as its name suggests) basis for unenforceability, wholly separate from the statutory grounds:

> Defenses to allegations of patent infringement fall into two broad groups: statutory and equitable. The statutory defenses are set forth in 35 U.S.C. § 282 and include . . . unenforceability, and invalidity (for failure to meet the conditions of patentability or to comply with any requirement of sections 112 or 251). The equitable defenses include . . . unenforceability of the patent for fraud and inequitable conduct . . . .

NOT FOR PUBLICATION

Mylan Pharm., Inc. v. Thompson, 268 F.3d 1323, 1331 (Fed. Cir. 2001) (internal citations omitted).

Howmedica cites one case in support of its assertion that Zimmer's counterclaims implicate a claim of inequitable conduct: Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc., 45 F.3d 1550 (Fed. Cir. 1995). The Court is unable to discern how Glaverbel might support that proposition. For these reasons, the Court rejects Howmedica's claim that Fed. R. Civ. P. 9(b) applies, and denies Howmedica's motion for more definite pleading or dismissal on that ground.

**FED. R. CIV. P. 8 ARGUMENT RAISED IN HOWMEDICA REPLY BRIEF**

The Court will not consider the issue raised in Howmedica's reply brief--whether the counterclaims were insufficiently pled under Fed. R. Civ. P. 8--because Howmedica did not raise Fed. R. Civ. P. 8 as a basis for its motion to strike in its original memorandum. As courts in this district have stated: "It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." Elizabethtown Water Co. v. Hartford Cas. Ins. Co., 998 F. Supp. 447, 458 (D.N.J. 1998); see Bayer AG v. Schein Pharm., Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001). Howmedica's original arguments concerning Fed. R. Civ. P. 9(b) hardly put Zimmer on notice that Howmedica would claim that the counterclaims were insufficient under Fed. R. Civ. P. 8, and evaluating Howmedica's Fed. R. Civ. P. 8 claim could potentially prejudice Zimmer. See Bayer, 129 F.

**NOT FOR PUBLICATION**

Supp. 2d at 716 (stating rationale for limitation of content of reply brief is other party's opportunity to respond).

It is on this 5th day of September, 2006:

ORDERED that Howmedica's motion to strike is DENIED.

**s/ William H. Walls**
United States Senior District Judge