# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

David K. Callahan, P.C.
To Call Writer Directly:
312 861-2182
dcallahan@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312 861-2200

October 13, 2006

Magistrate Judge Ronald J. Hedges
Martin Luther King, Jr.
Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**VIA HAND DELIVERY**

Dear Magistrate Judge Hedges:

I represent the Zimmer defendants and write this Court regarding the conference call in this matter on Friday, September 29, 2006. Specifically, I write to update the Court and Howmedica regarding a statement I made that I have now learned was wrong.

At the September 29 hearing, Howmedica asked the Court to order Zimmer to produce documents showing:

(i) the "actual dimensions" of each lot of polyethylene bar stock created by third party vendors and supplied to Zimmer (as opposed to the dimensions *specified* by Zimmer to its suppliers), and

(ii) the "actual times and temperatures" applied to each lot of material for the post-irradiation heating performed by third party vendors for Zimmer (as opposed to the times and temperatures *specified* by Zimmer for third parties to perform the post-irradiation heating).

Zimmer had already produced to Howmedica the specifications for the provision of bar stock to Zimmer, and had already produced to Howmedica the specifications provided to vendors that perform post-irradiation heating for Zimmer. I informed this Court that Zimmer did not possess documents showing the "actual dimensions" for individual lots of bar stock received by Zimmer in relation to the four Zimmer product lines accused of infringement: Prolong, Longevity, Durasul hip, and Durasul knee, and that Zimmer did not have documents showing the "actual times and temperatures" applied by Zimmer's vendors to each lot of material. At the time of the hearing, I believed all of these statements (both issues for each of four product lines) to be accurate based on our work with Zimmer's research and development group. As I also reported

## KIRKLAND & ELLIS LLP

Magistrate Judge Ronald J. Hedges
October 13, 2006
Page 2

to the Court, Zimmer had already identified to Howmedica the third-party vendors and had urged Howmedica to seek the information directly from those parties.

I have since reconfirmed that Zimmer does **not** possess documents showing "actual dimensions" of the polyethylene bar stock supplied to Zimmer (by PolyHi/Quadrant and Perplas/Orthoplastics) for *any* of the four accused products lines. I have also reconfirmed that Zimmer does not possess documents showing the "actual times and temperatures" applied by Zimmer's vendor (Studer, of Switzerland) during post-irradiation heating for the Durasul hip and Durasul knee product lines accused of infringement.

However, I now know that Zimmer **does** possess some documents showing its vendor's "actual times and temperatures" for the Prolong and Longevity product lines, which are irradiated and heated by Iotron in Canada. Those documents, often called "chart recorders," are located at Zimmer in archives on microfiche. Iotron creates the chart recorders and keeps a full set of them. I now know that Iotron also sends copies of the chart recorders to Zimmer. Thus, Zimmer's microfiche archives contain at least some subset of Iotron's set of chart recorders.

I do not take my representations to this Court lightly; at the time I believed them to be accurate based on our investigation. I now know that our investigation failed to identify that Zimmer's microfiche archives contain some Iotron chart recorders for the Prolong and Longevity product lines. We are producing today a full set of Iotron's chart recorders, obtained directly from Iotron, and will designate one or more Zimmer employees to testify in response to Howmedica's Rule 30(b)(6) deposition notices directed towards the "actual times and temperatures."

I apologize to this Court and Howmedica for having reported information that turned out to be partially incorrect. However, I also want to confirm that Zimmer has never sought to prevent Howmedica from acquiring the actual time and temperature information. To the contrary, Zimmer has worked to facilitate Howmedica's discovery of this information from the third party vendors.

Zimmer has cooperated with Howmedica in its efforts to discover information from third party vendors by telling Howmedica who the vendors were and facilitating the production of documents by those vendors when Howmedica asked for them. As noted, because I believed that Zimmer did not possess any "actual time and temperature" information, we had been suggesting that Howmedica obtain this information from Zimmer's vendors. We told Howmedica on February 27, 2006 that Zimmer's Prolong and Longevity product lines were irradiated and heated by Iotron in Canada, and that its Durasul hip and Durasul knee product lines were irradiated and heated by Studer in Switzerland. In fact, in early 2006 Howmedica

## KIRKLAND & ELLIS LLP

Magistrate Judge Ronald J. Hedges
October 13, 2006
Page 3

asked for, and with Zimmer's assistance obtained, representative samples of these materials from Iotron -- including Iotron's chart recorders. Zimmer informed Iotron it had no objection to Iotron's production of these materials, and Zimmer reviewed for confidentiality and produced to Howmedica on March 13, 2006 the documents Iotron provided. Iotron's production included representative chart recorders at IOTRON 0048 and 0064. Coupled with Zimmer's manufacturing specifications for Prolong and Longevity, which had already been produced by March 2006, and which also contain a sample Iotron chart recorder, Howmedica understood that Iotron's chart recorders merely confirmed that these products are made according to Zimmer's specifications. And, as far as we know, Howmedica did not request any additional chart recorders from Iotron until October 2, 2006, apparently accepting the representative samples as sufficient in the interim.

On September 29, 2006 this Court granted Howmedica permission to seek discovery of Zimmer's vendors through international channels. On October 3, Howmedica informed Zimmer it had contacted Studer, whose time and temperature records for the Durasul knee and Durasul hip products are not sent to Zimmer. On October 4, Zimmer told Howmedica it did not object to Studer's providing information to Howmedica, and Zimmer offered to facilitate production of the documents.

On October 11, 2006, in response to Howmedica's informal request, Iotron provided Zimmer with approximately 950 pages of chart recorders pertaining to the individual lots of material Iotron has processed for Zimmer. Zimmer has numbered and stamped these documents for confidentiality and will produce these documents today.

We have talked with a representative at Studer, Hans Hartman, who states it will take approximately four weeks to locate and compile a set of the Studer records. Upon receiving the Studer time and temperature records, and designating them for confidentiality, we will promptly produce them to Howmedica.

We would be happy to discuss this further should the Court desire.

Sincerely,

David K. Callahan, P.C.

cc:   Gregory Vogler (via facsimile)