**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| HOWMEDICA OSTEONICS CORP., | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 05-897 (WHW) |
| | : | |
| ZIMMER, INC.,  CENTERPULSE | : | |
| ORTHOPEDICS, INC., (formerly known as | : | |
| SULZER ORTHOPEDICS, INC.) and | : | |
| SMITH & NEPHEW, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

---

**Walls, Senior District Judge**

Plaintiff moves for reconsideration of this Court's August 19, 2008 partial summary

judgment order.  Having considered the parties' written submissions, the Court denies the

motion.


**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Howmedica Osteonics Corp. ("Howmedica"), a New Jersey corporation with its

principal place of business in Mahwah, New Jersey, manufactures and markets medical implants

such as artificial knee and hip implants.  Starting in 1993, Howmedica filed a series of related

patent applications that described processes for heating and irradiating polymers, namely, the

ultra-high molecular weight polyethylene (UHMWPE) used in medical implants.  The patents

describe processes where a UHMWPE is irradiated to cause free radicals to form.  The

1

**NOT FOR PUBLICATION**

UHMWPE is then heated to increase the oxidation resistance of the plastic by causing cross-links to form between free radicals produced by the UHMWPE's irradiation.  A polymer with greater oxidation resistance retains its physical properties better, which makes it more suitable for use in medical implants because it deteriorates more slowly in the body.

Defendants, Zimmer, Inc., Zimmer Austin, Inc., and Smith & Nephew, Inc. ("Defendants"), are also corporations in the business of manufacturing and marketing medical implants.  In February 2005, Howmedica brought this action against Defendants, alleging that they had violated 35 U.S.C. § 271 by infringing four of Howmedica's patents relating to polymeric materials used in medical implants.  These four patents are U.S. Patent No. 6,174,934 (filed Jan. 23, 1998); U.S. Patent No. 6,372,814 (filed June 28, 2000); U.S. Patent No. 6,664,308 (filed Jan. 8, 2002); and U.S. Patent No. 6,818,020 (filed June 13, 2003) (collectively, "the patents-in-suit").  Howmedica claims that four of Defendants' products, Longevity, Prolong, Durusul, and XLPE, infringe these patents.

On July 21, 2006, Defendants filed their first joint motion for summary judgment on three of the four patents: the '934 patent, the '814 patent and the '308 patent.  On April 23, 2007, the Court issued its <u>Markman</u> Order construing the claim terms and phrases needing construction as identified by the parties.  On May 15, 2007, the parties argued that first motion for summary judgment.  On June 13, 2007, the Court granted Defendants' joint motion for summary judgment on the issue of invalidity of the '934 patent, the '814 patent and the '308 patent.  The Court did not consider Defendants' motion for summary judgment on non-infringement on these three patents because this issue became moot.  On August 19, 2008, the Court granted Defendants'

2

**NOT FOR PUBLICATION**

joint motion for partial summary judgment on the issue of non-infringement on claims 7, 10, 11,

and 12 of the '020 Patent. Plaintiff now seeks reconsideration of the August 19, 2008 decision

based upon new evidence that it seeks to admit to the record.

## LEGAL STANDARD

Under Federal Rule 59(e), a litigant may move to alter or amend a judgment within ten

days of its entry. Fed. R. Civ. P. 59(e). Similarly, Local Rule 7.1(i) allows a party to seek a

motion for reconsideration of "matter[s] or controlling decisions which the party believes the

Judge [] has overlooked" within ten business days after entry of the judgment. L. Civ. R. 7.1(i).

The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct

manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex

rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, or to raise

arguments or present evidence that could have been raised before the entry of judgment. Charles

A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1. "A

party seeking reconsideration must show more than a disagreement with the Court's decision,

and recapitulation of the cases and arguments considered by the court before rendering its

original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F. Supp.

2d 555, 561 (D.N.J. 2003) (citation omitted). Such motions will only be granted where (1) an

intervening change in the law has occurred, (2) new evidence not previously available has

emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.

North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citation omitted).

**NOT FOR PUBLICATION**

<u>See also</u> L. Civ. R. 7.1(i).

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests

pursuant to these rules are to be granted "sparingly," <u>Yurecko v. Port Auth. Trans-Hudson Corp.</u>,

279 F. Supp. 2d 606, 608 (D.N.J. 2003) (citations omitted), and only when "dispositive factual

matters or controlling decisions of law" were brought to the court's attention but not considered.

<u>Yurecko</u>, 279 F. Supp. 2d at 609 (citation omitted).

If a party does not move for reconsideration within ten days of judgment, as required by

Federal Rule 59(e) and Local Rule 7.1, it may still move for relief from a final judgment, order,

or proceeding pursuant Federal Rule 60(b).  Fed. R. Civ. P. 60(b).  However, "[d]ue to the

overriding interest in the finality and repose of judgments, a Rule 60(b) motion is considered

extraordinary relief which should be granted only where extraordinary justifying circumstances

are present." <u>Katz v. Twp. of Westfall</u>, 287 Fed. Appx. 985, 988 (3d Cir. 2008) (internal

quotations and citations omitted).

A party moving for relief from judgment under Rule 60(b) on the grounds that it has

discovered new evidence must move under 60(b)(2), which requires the party to demonstrate that

this new evidence is evidence that, "with reasonable diligence, could not have been discovered in

time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).  The Third Circuit has

held that the moving party under 60(b)(2)  "bears a heavy burden," as it must show that the new

evidence is evidence "of which the aggrieved party was excusably ignorant," and must

demonstrate more than "the potential significance of the new evidence." <u>Plisco v. Union R.R.</u>

<u>Co.</u>, 379 F.2d 15, 16 (3d Cir. 1967) (internal quotations and citations omitted), <u>cert. denied</u>, 389

**NOT FOR PUBLICATION**

U.S. 1014 (1967).  Specifically, the movant must show that the newly discovered evidence is "(1)

material and not merely cumulative, (2) could not have been discovered prior to trial through the

exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial."

Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (emphasis in original) (citations omitted).

## DISCUSSION

Plaintiff Howmedica seeks reconsideration of this Court's August 19, 2008 order granting

partial summary judgment to Defendants on the grounds that it has discovered evidence – a

patent application by Defendant Zimmer – that would have changed the Court's holding.

Howmedica also seeks additional time to take limited discovery on the patent application and

related materials, which Zimmer failed to disclose in response to Howmedica's discovery

requests.

Howmedica has moved for reconsideration on the basis of new evidence under Local

Rule 7.1, filing its motion on December 19, 2008.  Because Howmedica's motion was made

several months after this Court's August 18, 2008 judgment, it cannot properly be considered as

such a motion for reconsideration under Local Rule 7.1. or Federal Rule 59(e), as both require

the motion to be made within ten days after judgment.  L Civ. R. 7.1(i); Fed. R. Civ. P 59(e).

This Court will construe Howmedica's motion as a motion for relief from final judgment under

Federal Rule 60(b)(2), which does not impose a similar filing deadline.[1]

---

[1] This Court has acknowledged that the same standard applies to motions on the grounds
of newly discovered evidence whether they are brought under Rule 59 or Rule 60(b)(2).  Hewlett-
Packard Fin. Serv. Co. v. Metairie House of Printing, Inc., 2005 U.S. Dist LEXIS 33464 at *4
(D.N.J. Dec. 15., 2005) (citation omitted).  Accordingly, Rule 60(b)(2) is applicable to this

**NOT FOR PUBLICATION**

*Newly Discovered Evidence*

As discussed, a movant under 60(b)(2) bears a heavy burden of showing that it was excusably ignorant of the new evidence at the time the judgment was issued.  Plisco, 379 F.2d at 16.  Howmedica has not met this burden.  Howmedica argues that a March 31, 2005 patent application made by Zimmer, which issued as U.S. Patent No. 7,435,372 (the '372 patent) on October 14, 2008, supports Howmedica's equivalence argument, which this court rejected in its August 19, 2008 order.  (How. Br. 1.)  This Court need not reach the merits of Howmedica's equivalence argument because Howmedica has not demonstrated that the patent application constitutes evidence that, "with reasonable diligence, could not have been discovered in time to move for [relief] under Rule 59(e)."  Fed. R. Civ. P. 60(b)(2).

First, the patent application was publicly available and could have been discovered by Howmedica.  Defendant Zimmer asserts, and Howmedica does not contest, that the patent application was public information as of October 2006, and accessible through the website of the U.S. Patent and Trademark Office (USPTO).  (Zim. Br. 9; How. Reply 2-4.)  Howmedica's characterization of the application as "new evidence that was not available or known to Howmedica or the Court when the Court issued the order" (How. Br. 1) is inaccurate, as the information was clearly available to Howmedica.[2]  "There is a strong policy against entertaining

motion for reconsideration of a summary judgment order, notwithstanding Rule 60(b)(2)'s language regarding evidence that could not have been discovered "in time to move for a new trial."

[2] That this evidence is now before the Court "for the *first* time" (How. Reply 4) (emphasis in original) is of no moment.  The evidence could have been before the Court "for the first time"

**NOT FOR PUBLICATION**

reconsideration motions based on evidence that was readily available at the time that the original

motion was heard." Sanders v. Trinitas Hosp., No. 02-1655, 2005 U.S. Dist. LEXIS 18985

(D.N.J. Aug. 24, 2005).

Second, despite the public availability of the patent application, Howmedica failed to

exercise reasonable diligence to discover the application. In Hewlett-Packard Financial Services

Co. v. Metairie House of Printing, Inc., No. 04-4548, 2005 U.S. Dist. LEXIS 33464 (D.N.J. Dec.

15., 2005), this Court denied defendant Metairie's motion for reconsideration based on its

discovery of "new evidence" in the form of securities filings made by plaintiff Hewlett-Packard.

Id. at *4. Because the securities filings were available to Metairie well before judgment was

rendered, this Court found that the defendant had not exercised reasonable diligence in

discovering the filings. Id. Similarly, Zimmer's patent application was available to Howmedica

well before judgment was rendered, and was easily accessible, as it was available online through

the USPTO website. The application presumably should have been discovered in the normal

course of Howmedica's monitoring of patent filings in its field – particularly given the

Declaration of Alfred J. Zarnowski that Howmedica offers in support of its motion, which states

that part of Mr. Zarnowski's job at Howmedica is to "monitor the patents and patent applications

of Howmedica's competitors, including Defendants Zimmer and Smith & Nephew." (How.

Reply, Zarnowski Decl. ¶ 2.) In addition, the application certainly should have been discovered

if Howmedica had been exercising due diligence in prosecuting its patent infringement suit

---

well in advance of the August 19, 2008 order if Howmedica had presented it.

**NOT FOR PUBLICATION**

against Zimmer, as a diligent plaintiff in an infringement suit would research relevant patents and

patent applications of the defendant.  Howmedica's argument that Zimmer's '372 patent

expressly relies on the teaching of Dr. Sun, the inventor of the Howmedica '020 patent-in-suit,

(How. Br. 1, 6-7), further highlights Howmedica's lack of diligence.  Because Howmedica was

attempting to prove that Zimmer had infringed on its '020 patent, which was invented by Dr.

Sun, reasonable diligence would have dictated that Howmedica search for any Zimmer patents or

patent applications that referenced or relied on Dr. Sun's teachings.

Moreover, although Howmedica asserts that Zimmer "mischaracterizes the law on

reasonable diligence," (How. Reply 3), this is exactly what Howmedica does.  In the context of

its motion, it quotes the following language from the Third Circuit's Bohus v. Beloff decision:

"[a]lthough there are very few facts which reasonable diligence cannot discover,... *there must be*

*some reason to awaken inquiry and direct diligence in the channel in which it would be*

*successful.*"  (How. Reply 3.)  However, that statement was made in the context of the discovery

rule governing the statute of limitations in Pennsylvania medical malpractice actions.  Bohus v.

Beloff, 950 F.2d at 925.  The language quoted is inapplicable to the question of Howmedica's

diligence under Rule 60(b)(2), and if the language were applicable, its application in this context

would only underscore Howmedica's lack of diligence, as prosecution of a patent infringement

suit against Zimmer would certainly qualify as "some reason to awaken inquiry" into Zimmer's

patent applications.

It follows then that, although Howmedica asserts ignorance of the patent application until

the patent issued in October 2008 (How. Reply 3), Howmedica was not "excusably" ignorant

**NOT FOR PUBLICATION**

because the application does not qualify as evidence that "could not have been discovered prior to trial through the exercise of reasonable diligence."  Bohus v. Beloff, 950 F.2d at 930. Howmedica cannot satisfy the conjunctive three-prong test articulated in Bohus v. Beloff and has failed to show the "extraordinary circumstances" required for granting "extraordinary relief" under Rule 60(b)(2).  Katz v. Twp. of Westfall, 287 Fed. Appx. at 988.  This Court will not disturb its August 19, 2008 judgment to grant Howmedica the extraordinary relief it seeks.

*Discovery Misconduct*

In its motion for reconsideration, Howmedica states that Defendant Zimmer has engaged in "sanctionable" discovery misconduct (How. Br. 2) by failing to disclose the existence of the '372 patent application in response to Howmedica's Request for Production (How. Br. 3-4), a failure that adversely affected Howmedica's ability to depose Zimmer employees (How. Br. 10-12).  Howmedica also notes that Zimmer makes no attempt to deny the responsiveness of the patent application to Howmedica's discovery requests, or to deny or explain its withholding of the patent application in response to the requests.  (How. Reply 2.)  For the reasons discussed, this Court will not grant Howmedica's request for additional time to take limited discovery to remedy the potential adverse effects of Zimmer's withholding of the application.  However, the Court finds Zimmer's failure to produce the application in response to relevant discovery requests to be troubling, and notes that, regardless of the public availability of information, parties are required to produce information in their possession that is responsive to discovery requests and calculated to lead to the discovery of admissible evidence.  See generally Fed. R. Civ. P. 26(b)(1), 33(b), 34(b)(2).

**NOT FOR PUBLICATION**

Although this Court expresses no opinion on the sanctionability of Zimmer's conduct, as that issue is not presently before the Court, it bears noting that at least one court has sanctioned a party for failing to reveal a responsive patent application in an interrogatory response – notwithstanding the court's finding that "the information withheld had only marginal relevance to the court's ruling." Kustom Signals, Inc. v. Applied Concepts, Inc., 181 F.R.D. 489, 494 (D. Kan. 1998). Here, this Court finds, as did the Third Circuit in Bohus v. Beloff, 950 F.2d at 931, that although "we do not condone" Zimmer's withholding of the patent application, "we base our determination on the fact that the record is devoid of the 'extraordinary justifying circumstances' necessary to warrant the grant" of the relief that Howmedica is seeking. Id.

**CONCLUSION**

Plaintiff's motion for reconsideration is hereby **DENIED**.

**s/William H. Walls**
United States Senior District Judge

**September 9, 2009**
