**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HOWMEDICA OSTEONICS CORP., | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 05-897 (WHW) |
| | : | |
| ZIMMER, INC.,  CENTERPULSE | : | |
| ORTHOPEDICS, INC., (formerly known as | : | |
| SULZER ORTHOPEDICS, INC.) and | : | |
| SMITH & NEPHEW, INC., | : | |
| | : | |
| Defendants | : | |
| | : | |
| | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiff Howmedica ("Howmedica") moves to certify this Court's June 13, 2007 judgment for appeal.  Defendants Zimmer, Inc. and Smith & Nephew, Inc. ("Defendants") oppose the motion.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument.  The motion is granted.

**BACKGROUND**

In February 2005, Howmedica brought this action against Defendants, alleging that they had infringed on four of Howmedica's patents: United States Patents 6,174,934, 6,372,814, 6,664,308, and 6,818,020.  On June 13, 2007, this Court granted Defendants' joint motion for summary judgment on the issue of invalidity of the '934, '814, and '308 patents.  On August 19, 2008, this Court granted Defendants' joint motion for partial summary judgment on the issue of non-infringement of claims 7, 10, 11, and 12 of the '020 patent.

**NOT FOR PUBLICATION**

On September 30, 2009, pursuant to Defendants' motion, this Court stayed all further proceedings in this case pending the conclusion of an *inter partes* reexamination of the '020 Patent by the United States Patent and Trademark Office ("USPTO").  On October 8, 2009, Howmedica moved under Rule 54(b) of the Federal Rules of Civil Procedure to certify for appeal this Court's June 13, 2007 summary judgment on the '934, '814, and '308 patents.

**LEGAL STANDARD**

"Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999).  However, Rule 54(b) of the Federal Rules of Civil Procedure "provides that such an order may be final and immediately appealable under § 1291 when the district court makes an express determination that there is no just cause for delay and expressly directs entry of final judgment."  Id.  Rule 54(b) states:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – [] the court may direct entry of a final judgment as to one or more, but fewer than all, claims [] only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  This rule provides an exception to the "historic federal policy against piecemeal appeals," Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (citation omitted), which typically allows cases to " be reviewed only as single units."  Id. at 10.  Under Rule 54(b), a party may move to certify certain adjudicated claims for appeal, even when other claims in the case remain unadjudicated.

**I. Finality**

-2-

NOT FOR PUBLICATION

The Supreme Court has held that, in construing a motion under Rule 54(b), "A district court must first determine that it is dealing with a final judgment, [which is] an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp., 446 U.S. at 7 (1980) (internal quotation marks and citation omitted).

**II. Just Reason for Delay**

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." Curtiss-Wright Corp. at 8. In deciding whether there is any just reason to delay the appeal of individual final judgments, "a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. at 8 (citations omitted).

*A. Judicial Administrative Interests*

In analyzing judicial administrative interests, a district court should consider such factors as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8. Specifically, a district court may consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

**NOT FOR PUBLICATION**

Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006) (citation omitted).

*B. Balance of Equities*

     In balancing the equities, a district court should use its discretion to address the particular circumstances presented in the case.  See id. at 8.

**DISCUSSION**

**I. Finality**

     Neither Howmedica nor Defendants dispute the finality of the Court's summary judgment of invalidity of the '934, '814, and '308 patents.  Accordingly, this Court finds that its June 13, 2007 Order was a final judgment with respect to the '934, '814, and '308 patents because it ultimately disposed of each individual claim of infringement upon each of the three patents.

**II. Just Reason for Delay**

     By contrast, the parties vigorously dispute whether there is a "just reason for delay."  As noted, in deciding whether there is just reason for delay, a district court must consider judicial administrative interests as well as the balance of the equities.

*A. Judicial Administrative Interests*

     The judicial administrative interests most relevant to this case and most closely examined by the parties are (1) the relationship between and separability of the claims, (2) the possibility that the need for appellate review would be mooted by future developments in the district court; and (3) the possibility that an appellate court will need to decide the same issues multiple times.

     With regard to (1) separability, Defendants argue that the claims asserted with respect to these particular patents are inseparable because "Howmedica has accused the same products of

-4-

**NOT FOR PUBLICATION**

infringing all four patents," and because "the same witnesses, same technical experts, same

damages theories, and identical factual evidence will be required for all four patents."  (Opp. 5.)

Howmedica counters that such overlap is unremarkable, as it exists "in nearly every multi-patent

lawsuit" (Reply 7), and is also irrelevant, as "the only way that 'overlapping issues' weigh

against Rule 54(b) certification is if the overlap occurs between the issues <u>on appeal</u>" – an

overlap that is not present in this case.  (Reply 8 (emphasis in original).)  Howmedica contends

that there is no overlap of "issues on appeal" because the Court's finding of invalidity of the

'934, '814, and '308 patents was based on their use of the Arrhenius equation, whereas the '020

patent claims "do <u>not</u> recite any 'Arrhenius equation' limitations."  (Reply 8 (emphasis in

original).)  However, even if this Court were to accept Howmedica's contention that the

Arrhenius equation creates distinct legal issues on appeal, common factual and evidentiary issues

remain, and – as Howmedica's own cited authority demonstrates – such commonality

undoubtedly qualifies as the type of "overlap [of] issues on appeal" that supports a finding of

inseparability of claims.  (<u>See</u> Reply 8.)  <u>See also</u> <u>Ortho-McNeil, Inc. v. Kali Labs., Inc.</u>, 02-

5707, 04-0886, 06-3533, 2007 WL 1814080 at *4 (D.N.J. 2007).

 Moreover, the fact that such issue overlap exists in "nearly every multi-patent lawsuit" is

ostensibly the reason that Rule 54(b) exists as an *exception* to the general rule prohibiting

piecemeal appeals.  Indeed, Rule 54(b) certification would likely be most appropriate in cases

where the "typical" issue overlap – and the attendant risk of redundant appeals – is *not* present.

<u>See, e.g.</u>, <u>Gerardi v. Pelullo</u>, 16 F.3d 1363, 1372 n.16 (3d Cir. 1994) ("Rule 54(b) is more

appropriate when a party joins completely unrelated claims as [] and recovers a judgment on

NOT FOR PUBLICATION

fewer than all the claims.").  Accordingly, the Court finds that, given the factual and evidentiary

overlap among the four patents in this case, the issue of separability weighs against certification.

With regard to (2) the possibility that the need for appellate review would be mooted by

future developments in this Court, Defendants note that, in the context of the '934, '814, and

'308 patents, their defense of unenforceability due to inequitable conduct was rendered moot by

this Court's finding of invalidity.  They argue that, following the conclusion of the USPTO's

reexamination of the '020 patent, they could raise the unenforceability defense at trial on the '020

patent, and, if they prevail on this defense, the finding of unenforceability would also apply to the

'934, '814, and '308 patents – a development that "would render moot any Federal Circuit

review of this Court's invalidity decision as to '934, '814, and '308 patents."  (Opp. 8.)[1]

Although this scenario would mean that the Federal Circuit need not have ruled on the invalidity

of the  '934, '814, and '308 patents, such a scenario is too remote, speculative, and uncertain to

convince the Court that the issue of potential mootness weighs against certification.

With regard to (3) the possibility that the Federal Circuit will have to decide the same

issues multiple times, both Howmedica and Defendants offer competing hypothetical scenarios

involving trial in this Court and appeal to the Federal Circuit.  Each scenario, in turn, involves

differing values for several variables, including: the length of time it will take for the USPTO

---

[1] Howmedica responds to this argument by noting that the presence of an unadjudicated
defense does not mean that a district court's decision was not final.  (Reply 9 (citing to W.L.
Gore & Assoc. Inc. v. Int'l Med. Prosthetics Research Assoc., Inc., 975 F.2d 858, 863 (Fed. Cir.
1992.)  While Howmedica's response is legally correct, it is irrelevant in this context, as
Defendants' argument addresses judicial efficiency concerns rather than the statutory issue of the
"finality" of the judgment.

**NOT FOR PUBLICATION**

reexamination of the '020 patent to conclude, the outcome of the USPTO's reexamination, the

holding of the Federal Circuit if this Court were to certify the appeal, and the outcome of a trial

on some or all of the patents in the event of remand by the Federal Circuit.  Unsurprisingly, both

Howmedica and Defendants urge that their position – certification or denial of certification,

respectively – would result in fewer trials in this Court and fewer issues remaining to be appealed

to the Federal Circuit.  (Br. 10-12; Opp. 9-10.)  Put simply, however, the only way to ensure that

the Federal Circuit hears only one appeal in this case is for this Court to stay all proceedings until

the USPTO has concluded its reexamination of the '020 patent and then render a final judgment

on the '020 patent (through summary judgment or trial), thereby allowing Howmedica to appeal

the final judgments on all four infringement claims.  Because lifting the stay and certifying the

judgment on the '934, '814, and '308 patents would virtually guarantee that the Federal Circuit

will hear at least two appeals in this case, the potential for multiple appeals weighs against

certification.

   In sum, the Court finds that (1) the relationship between the claims in this case, and (3)

the possibility that an appellate court will need to decide the same issues multiple times weigh

against certification.  The Court now turns to the balance of the equities.

*B. Balance of Equities*

   Howmedica asserts that the equities weigh in favor of certification because it will be

significantly prejudiced by a delay in appealing the judgments.  Howmedica notes that the '924,

'814, and '308 patents expire in 2013 (Br. 10), and asserts that the USPTO's reexamination of

the '020 patent – which commenced in 2009 (Opp. 12) – could take up to eight years to

NOT FOR PUBLICATION

complete.  (Br. 8-9.)  Although Defendants claim – without factual support – that "an Office

Action from the [USPTO] closing prosecution could potentially be obtained in a few months"

(Opp. 6), they do not dispute Howmedica's assertion that no *inter partes* reexamination begun

since the year 2000 has yet concluded.  (Br. 10-11.)  Howmedica argues that, because of the

potential duration of the reexamination process, there is a significant possibility that staying all

proceedings pending the conclusion of the reexamination will prevent Howmedica from

obtaining an injunction to enforce the '924, '814, '308 patents before they expire – even if they

were ultimately held to be valid on appeal.  (Br. 10-11.)[2]

Defendants dispute Howmedica's claim of prejudice, arguing that Howmedica is at least

partially responsible for the potential delay it may face in enforcing its patents: Howmedica filed

this suit in 2005, four years after the '924 patent issued in 2001 (Opp. 11), and it chose not to

seek a preliminary injunction in this case (Opp. 12).

While Defendants' points are well-taken, the Court is persuaded that the balance of

equities weighs in favor of granting Howmedica's motion to certify appeal on the '924, '814, and

'308 patents.  If this Court were to prevent Howmedica from appealing its judgment on the '924,

---

[2] Howmedica appears to contradict its own claim regarding a potential five to eight year delay because of the reexamination process when it offers this hypothetical scenario: "If the Court certifies its summary judgment order for immediate appeal, however, the parties could receive an Order from the Federal Circuit within about a year.  If the Federal Circuit vacates and remands the Court's Order, all four patents-in-suit would be positioned for one trial together, with the benefit of the Federal Circuit's guidance."  (Br. 6 (emphasis in original).)  Yet, even if the Federal Circuit were to decide in favor of Howmedica on the '924, '814, and '308 patents within the next year, there could not be "one trial together" on all four patents before the 2013 patent expiration date unless the USPTO concludes its reexamination of the '020 patent within the next two years – a possibility that, according to Howmedica itself, is extremely unlikely.

**NOT FOR PUBLICATION**

'814, and '308 patents until the conclusion of a multi-year reexamination of the '020 patent, it is quite likely that the appeal would not occur until after 2013, when the patents have expired. Howmedica would be effectively prevented from appealing this Court's judgment and would be unable to enforce patents that the Federal Circuit may have otherwise deemed enforceable – a situation that could cause Howmedica economic harm, including loss of market share and profits. If, however, Howmedica is permitted to immediately appeal the '924, '814, and '308 patents, and the Federal Circuit reverses this Court's judgment and finds them to be valid and enforceable, Howmedica could attempt to obtain injunctions to enforce its patents before they expire.

Although this Court is disinclined to create a situation in which the Federal Circuit may hear more than one appeal involving the same factual and evidentiary issues, the prospect of a multi-year delay in the USPTO's reexamination of the '020 patents persuades this Court that the balance of the equities weighs in favor of allowing Howmedica to appeal the '924, '814, and '308 patents. In sum, the Court concludes that, although certain judicial administrative interests weigh against granting certification, these interests are outweighed by Howmedica's equitable interest in certification. Accordingly, the Court finds that there is no just reason to delay the appeal of the judgment on the '924, '814, and '308 patents.

**CONCLUSION**

This Court's judgment of invalidity of the '934, '814, and '308 patents is a final judgment and there is no just reason to delay its appeal.

It is on this 13th day of January, 2010,

-9-

**NOT FOR PUBLICATION**

ORDERED that this Court's September 30, 2009 Stay Order is hereby restricted to further proceedings concerning United States Patent 6,818,020.

ORDERED that Plaintiff Howmedica's Motion to Certify for Appeal the Court's Summary Judgment of Invalidity of United States Patents 6,174,934, 6,372,814, and 6,664,308 is GRANTED.

s/ William H. Walls
United States Senior District Judge